IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **WILLARD L. JOHNSON,**           ) | |
|                                                       ) | |
| **Petitioner/Defendant,**     ) | |
|                                                       ) | **CIVIL NO. 06-cv-704-WDS** |
| **vs.**                                           ) | |
|                                                       ) | **CRIMINAL NO. 02-cr-30065** |
| **UNITED STATES of AMERICA ,**   ) | |
|                                                       ) | |
| **Respondent/Plaintiff.**     ) | |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

This matter is before the Court on Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. On June 12, 2003, a jury found Petitioner guilty of offenses relating to the sale and distribution of "crack" cocaine. On February 12, 2004, Petitioner was sentenced on five counts of distribution of cocaine base within 1,000 feet of a protected location, in violation of 21 U.S.C. §§ 841(a)(1) and 860, to 168 months imprisonment, eight years supervised release, a fine of $1,000, and a special assessment of $500. On February 1, 2005, the Court of Appeals affirmed the conviction and sentence, *see United States v. Johnson*, 396 F.3d 902 (7th Cir. 2005), and on October 3, 2005, the Supreme Court denied a petition for writ of certiorari, *see Johnson v. United States*, 126 S.Ct. 147 (2005). On September 11, 2006, Petitioner filed the instant motion under § 2255.

In his motion the Petitioner raises two grounds for relief: (1) that he received ineffective assistance of appellate counsel in that counsel failed to raise an issue related to *United States v. Booker*, 543 U.S. 220 (2005), and that counsel failed to raise the issue of whether the government had to prove beyond a reasonable doubt that the drug involved in the offense was in fact "crack"

cocaine, and (2) that he received ineffective assistance of trial counsel because counsel made a stipulation that the drug involved in the offenses was "crack" cocaine, when he should have made the nature of the drug a triable issue.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order.  The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED:  October 26, 2006**

                                      **s/ WILLIAM D.  STIEHL**
                                        **DISTRICT JUDGE**